UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTINA WHITAKER, | : |
| Plaintiff, | : Civ. A. No. 23-03051(BRM)(MAH) |
| v. | : |
| ELLA TAYLOR, | : **MEMORANDUM & ORDER** |
| Defendant. | : |

**THIS MATTER** is before this Court on Plaintiff Altina Whitaker's ("Plaintiff") complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.)

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Additionally, under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions,

court must dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff's IFP application is insufficient as she has failed to follow the instructions, which require applicants to "[c]omplete all questions in [the] application. . . . Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." Here,

Plaintiffs' IFP Application does not include a response to questions 2 through 8 and 10. (ECF No. 1-2.)

Furthermore, the Court has screened the complaint and finds the Court lacks subject matter jurisdiction. Plaintiff's complaint alleges only that she is "here with new evidence to stop the warrant of removal scheduled for 6-5-23" and that she has "attached proof of [her] claim." (ECF No. 1 at 3.) Plaintiff attaches several documents[1] with handwritten annotations vaguely alleging that her landlord illegally rented basement space to her. (ECF No. 1-4.) She requests the undersigned "reconsider the warrant of removal" and vacate an unspecified judgment. None of Plaintiff's allegations support subject matter jurisdiction.[2]

Accordingly, and for good cause appearing

**IT IS** this 6th day of July 2023,

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall **CLOSE** this matter; and it is further

**ORDERED** that plaintiff may have the case reopened, if, within thirty (30) days of the date of the entry of this Order, plaintiff either pre-pays the $400 filing fee **or** submits to the Clerk a complete signed *in forma pauperis* application and complaint that cures the deficiencies addressed herein; and it is further

---

[1] Documents include paperwork from the Township of Irvington Department of Housing & Building Department, screenshots of a partial "Lease Continuation Agreement," a "NJ Eviction and Homelessness Prevention Certification" signed by Plaintiff, a purported invoice for sewer and drain repairs, and a blurry, illegible "Notice and Order of Penalty."

[2] Even if they did, it is not clear from Plaintiff's allegations that she has stated a claim. The Court cannot discern what claims she is asserting against defendant Ella Taylor, nor can it discern what warrants or judgments she wants vacated. To the extent Plaintiff is seeking a review or appeal of a state court final decision, that claim is not properly before this Court.

**ORDERED** that the Clerk shall serve on plaintiff by regular U.S. mail: (1) this Memorandum & Order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
